AO 241 (Rev. 10/07)

RECEIVED
NOV 30 2022
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern |
|---|---|
| Name (under which you were convicted): Kevin L. Christy | Docket or Case No.: 2:22 CV 4220 |
| Place of Confinement: Noble Corrections Inst. | Prisoner No.: 759-418 |

JUDGE GRAHAM
MAGISTRATE JUDGE SILVA[I]

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Kevin L. Christy | Jay Forshey, Warden, Noble Cor. Inst. |
| The Attorney General of the State of Ohio | |

v.

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   The Fairfield County Common Pleas Court. 224 East main Street • Lancaster Ohio, 43130

   (b) Criminal docket or case number (if you know): 08-CR-0186

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: 2008

3. Length of sentence: 4 years + 8 years, consecutive

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Abduction - 4 years in prison
   Aggravated Burglary - Community Control (5yrs) - 8 years in prison

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   ☒ (2) Guilty          ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

*Pled guilty To Count III, Abduction, and Count IV, Aggravated burglary*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

☐ Yes     ☒ No    *(Later attempted To file a delayed appeal)*

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ☐ Yes     ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241 (Rev. 10/07)                                Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Fairfield County Court of Common Pleas
(2) Docket or case number (if you know): 08-CR-0186
(3) Date of filing (if you know): March 12, 2020 & Renewed on June 8, 2020
(4) Nature of the proceeding: Motion To vacate (Regarding the Eight-Year Term)
(5) Grounds raised: The Eight Year term (under which the Petitioner is currently Incarcerated) is void for being imposed without Statutory Authority as Recognized by the Supreme Court of Ohio in State v. Paige, 153 Ohio St.3d 214,

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes ☒ No
(7) Result: overruled
(8) Date of result (if you know): June 30, 2020

AO 241 (Rev. 10/07)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Fairfield County Court of Appeals

(2) Docket or case number (if you know): 2021-CA-01

(3) Date of filing (if you know): Jan. 10, 2022

(4) Nature of the proceeding: Motion for leave to file Delayed Appeal

(5) Grounds raised: Trial Court failed to advise Petitioner of his Right to Appeal, and diminished mental capacity

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: Denied

(8) Date of result (if you know): Feb. 28, 2022

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 10/07)  Page 6

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐ Yes   ☐ No

  (7) Result:

  (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

  (1) First petition:   ☒ Yes   ☐ No

  (2) Second petition:   ☒ Yes   ☐ No

  (3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

  <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** The Petitioner was denied Due Process of law when the Trial Court imposed a term of incarceration not authorized by law.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As Admitted by the Trial Court in its Judgment denying the Motion To Vacate, the Trial Court imposed an eight year term for a violation of Community Control that was ordered to be served consecutively to a term of Actual incarceration, which the Trial Court Lacked Statutory Authority To Impose

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 10/07)   Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion To vacate (void Judgment)

Name and location of the court where the motion or petition was filed:
Fairfield County Court of Common Pleas

Docket or case number (if you know): 08-CR-0186

Date of the court's decision: June, 30 2020

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☒ Yes — No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Fairfield County Court of Appeals

Docket or case number (if you know): 20-CA-29 (2021-Ohio-1470)

Date of the court's decision: April 21, 2021

Result (attach a copy of the court's opinion or order, if available): Affirmed Trial Courts denial of Motion

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 10/07)                                                                                           Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: I Sought Discretionary Appeal in the Ohio Supreme Court, which was denied on Aug. 17, 2021; O.S.Ct. NO. 2021-0723; 164 Ohio St.3d 1405.

**GROUND TWO:** Petitioner was denied due Process where trial Court imposed A Sentence that was contrary to Law, invalid, and void under Ohio Law at the time

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Sentence was imposed The Petitioner was sentenced to a "Hybrid" term of 4 years actual incarceration Consecutive to a term of Community Control that the Ohio Supreme Court Determined was not authorized by Law, and thus invalid and void; And because the Sentence is void, the Petitioner is Subjected to A prison term Greater than the Law Allows.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ' Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion To vacate (void Judgment)

Name and location of the court where the motion or petition was filed: Fairfield County Court of Common pleas

Docket or case number (if you know): 08-CR-0186

Date of the court's decision: June 30, 2020

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fairfield County Court of Appeals
Docket or case number (if you know): 2020-CA-29 (2021-Ohio-1470)
Date of the court's decision: April 22, 2021
Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

I sought Discretionary appeal in the Ohio Supreme Court, which was denied Aug. 17, 2021; Os,Ct. # 2021-0723; 164 Ohio St.3d 1405

**GROUND THREE:** The Petitioner was denied Due process when the Trial Court failed to Grant the Motion for leave To file a delayed Appeal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

After The Trial Court imposed a Sentence that is not authorized by Law and thus was Considered void; The Petitioner attempted To attack the void Sentence By Motion To vacate and appeal of that motion; During which time, the Ohio Supreme Court changed the Law by decision, Effectively validating the void Sentence Retrospectively, Resulting in the Trial court denying the motion To vacate, and the Court of Appeals Affirming on the basis that a direct Appeal was Required; then denied Leave To file a delayed appeal in the face of the Trial Court's admission it lacked Authority

... To impose the Sentence that was not authorized by Law.

AO 241 (Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for leave to file a delayed Appeal

Name and location of the court where the motion or petition was filed:

Fairfield County Court of Appeals

Docket or case number (if you know): 21-CA-01

Date of the court's decision: February 15, 2022

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Supreme Court of Ohio

Docket or case number (if you know): 2022-0266

Date of the court's decision: May 24, 2022

Result (attach a copy of the court's opinion or order, if available): Citation: 166 Ohio St.3d 1510 Appeal not accepted for Review, with Dissent

AO 241                                                                                                                         Page 11
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** The Decision of the Ohio Supreme Court in State v Henderson, 161 Ohio St.3d 285 (2020), that the State Courts are Relying on to Deprive the petitioner of Due Process of Law is unconstitutional and void.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State trial Court admitted the Sentence under which the petitioner is being held was imposed without Statutory Authority, but denied Relief, as did the State Court of Appeals, on the basis of State v Henderson, 161 Ohio St.3d 285 (2020), wherein the Ohio Supreme Court, by its own decision, disposed of Collateral attack of void Sentences, and Retrospectively declared all void Sentences, including the petitioners, were essentially validated by Henderson, and now merely Voidable, Subject To attack only by direct Appeal, well after the petitioner's Right to appeal as of Right had expired. After that, the Court of appeals Blocked the petitioner's Jurisdictional/void Challenge by denying his motion For leave To file delayed appeal.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Since State v Henderson, 161 Ohio St.3d 285, is an Ohio Supreme Court decision, the Lower Courts have no power to overrule it or declare it void; The petitioner could not challenge that decision in the Lower Courts, And the Ohio Supreme Court Refused Jurisdiction in

(c)     **Direct Appeal of Ground Four:** each of the petitioners challenges To the void Sentence

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes    ☒ No (See Ground 4(b) above)

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Memorandum in Support of Jurisdiction

AO 241 (Rev. 10/07)  Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Supreme Court of Ohio

Docket or case number (if you know): 2021-0723 (denial at 164 Ohio St.3d 1405)

Date of the court's decision: Aug 17, 2021

Result (attach a copy of the court's opinion or order, if available): Refused Jurisdiction

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 10/07)

Page 13

13. Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

           If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 10/07)  Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: Thomas Elwing

(c) At trial: Thomas Elwing

(d) At sentencing: Thomas Elwing (original) Andrew T. Sanderson (Revocation)

(e) On appeal:

(f) In any post-conviction proceeding: Andrew T. Sanderson

(g) On appeal from any ruling against you in a post-conviction proceeding: Andrew T. Sanderson (5th Dist) Patituce and Associates, LLC (Attorneys Joseph C Patituce and Lauren K Wazevich - For The Ohio Supreme

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ▪ Yes  ✗ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

While the Petitioner believes his petition is timely based upon his State Court challenges, and the timing of his Exhaustion of

Appeals therefrom, the sentence challenged in this petition is illegal and void as a matter of Federal Law, and the State Court Judgment is not, and can never be, final as a Result.

Additionally, the Supreme Court of Ohio's attempt to validate, Retrospectively, all void and illegal Sentences in Ohio by decision (State v Henderson, 161 Ohio State 3d 285 (2020), is itself invalid, and cannot Retrospectively validate the petitioners void and illegal Sentence, as to do so would require the Ohio Supreme Court to possess the Jurisdiction and Judicial authority necessary to invalidate Federal Law and overrule Federal Courts and the United States Supreme Court and Constitution.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 16

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __11-7-22__ (month, date, year).

Executed (signed) on __11-7-22__ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.