IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

KEVIN L. CHRISTY,

        Petitioner,     :    Case No. 2:22-cv-4220

  - vs -     District Judge James L. Graham
    Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                                     :
        Respondent.

## ORDER TO STAY PROCEEDINGS PENDING EXHAUSTION

      This habeas corpus case, brought *pro se* by Petitioner Kevin Christy pursuant to 28 U.S.C. § 2254, is before the Court on the responses of both parties to Magistrate Judge Silvain's Order to Show Cause (ECF No. 13). The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 24).

      Judge Silvain suggested that Petitioner might have a remaining available state court remedy in the form of a motion for delayed appeal in the Second District Court of Appeals (ECF No. 13, PageID 693, citing *Hall v. Huffman*, 2000 WL 1562821, at *3 (6th Cir. Oct. 11, 2000), and *State v. Thornton,* 1999 WL 1043942, at *1 (Ohio App. Nov. 19, 1999)).

      Respondent opposes any stay to permit exhaustion, reasoning that Petitioner cannot show good cause for his long delay in moving for a delayed appeal and seeking a stay in support (ECF No. 19). Petitioner, however, has no opposition to a stay for the purpose of filing a second motion

1

for delayed appeal (ECF No. 23).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id.* It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.

The Court finds that there is at least arguable good cause for Petitioner's delay because the practice of allowing a second motion for delayed appeal is sufficiently rare as to have produced a split among the Ohio appellate courts. Finality is certainly an important goal both of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and of habeas corpus practice generally. See Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv. L. Rev. 441 (1963). But in this case the State

will not be deprived of the benefit of Petitioner's conviction pending the stay.

Accordingly, it is hereby ORDERED that this action be stayed pending the outcome of Petitioner's intended motion for delayed appeal. Petitioner is ordered to file that Motion not later than September 15, 2024, and furnish this Court with a copy of the Motion. Not less than once a month thereafter, Petitioner shall file a report in this Court of the status of those proceedings.

August 27, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge