# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

KEVIN L. CHRISTY,

                    Petitioner,      :                Case No. 2:22-cv-4220

    - vs -                                  District Judge James L. Graham
                                             Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                                        :
                    Respondent.

# REPORT AND RECOMMENDATIONS

       This is a habeas corpus case under 28 U.S.C. § 2254 brought *pro se* by Petitioner Kevin Christy to obtain relief from his conviction in the Fairfield County Court of Common Pleas on charges of abduction and aggravated burglary (Petition, ECF No. 5).  The case is ripe for decision on the Petition, the State Court Record (ECF No. 7), Respondent's Return of Writ (ECF No. 8), and Petitioner's Traverse (ECF No. 11).

**Litigation History**

       Petitioner committed the offense in suit on January 13, 2008; he was charged in a four-count Indictment handed down May 23, 2008 (Indictment, State Court Record, ECF No. 7, Ex. 1).  On August 5, 2008, he pleaded guilty to Counts Three and Four (abduction and aggravated

burglary). *Id.* at Ex. 7. On August 22, 2008, he was sentenced to four years imprisonment on the abduction count and eight consecutive years of imprisonment on the aggravated burglary count, but the latter term was suspended on condition of successful service of five years community control. *Id.* at Ex. 8. Christy filed no timely notice of appeal.

Upon his release from prison in 2012, Christy began to serve his term of community control. However, in 2014 he absconded from supervision. *State v. Christy*, 2021-Ohio-1470 ¶ 7 (Ohio App. 5th Dist. Apr. 22, 2021). Christy left the State for Florida where he was convicted of aggravated assault with a firearm, domestic battery, battery, and domestic battery by strangulation and served a four-year term of imprisonment.

In the meantime, the State of Ohio moved to revoke Christy's community control sanction. Instead of revocation, the trial judge sentenced Christy to complete a term in a community-based control facility in April 2019. *Id.* at ¶ 12. However, he was unsuccessfully terminated from that facility two months later. *Id.* at ¶ 12. The trial court on June 28, 2019, revoked the community control sanction and ordered Christy to serve the balance of his sentence. *Id.* at ¶ 13. Christy took no appeal. *Id.* at ¶ 14.

On March 12, 2020, Christy moved to vacate his sentence; on June 8, 2020, he renewed that motion. *Id.* at ¶¶ 15-16. Those motions were denied and Christy appealed. The Fifth District affirmed, holding that indeed it was improper to impose a community control sanction consecutive to a prison term. *Id.* at ¶ 22, citing *State v. Paige*, 153 Ohio St.3d 214 (2018), and *State v. Hitchcock*, 157 Ohio St.3d 215 (2019). However, Christy was not entitled to relief because the Ohio Supreme Court had returned to its traditional distinction between void and voidable judgments. *Id.* at ¶ 23. Under that distinction, when the sentencing court had jurisdiction to act, an error in sentencing made the sentence voidable, not void, requiring that it be challenged on

2

direct rather than collateral review. *Id.* at ¶ 24, citing *State v. Henderson*, 161 Ohio St.3d 285 (2020). If the error could have been raised on direct review but was not, consideration in collateral review was barred by *res judicata*. *Id.*, citing *State v. Perry,* 10 Ohio St. 2d 175 (1967). Because Christy could have raised the sentencing error he claims on direct appeal but did not do so, the Fifth District held it was barred by *res judicata*. *Id.* at ¶¶ 25-27.

The Ohio Supreme Court declined jurisdiction over a subsequent appeal. *State v. Christy*, 164 Ohio St. 3d 1405 (2021). On August 26, 2021, through counsel, Christy filed an application for reconsideration in the Ohio Supreme Court of its denial of review (State Court Record, ECF No. 7, Ex. 46). On October 26, 2021, the court denied reconsideration without explanation. *Id.* at Ex. 47.

On June 10, 2022, Christy filed *pro se* a Petition for an Ohio writ of habeas corpus in the Ohio Court of Appeals for the Seventh District. *Id.* at Ex. 48. On September 29, 2002, that court dismissed the Petition, concluding that the reasoning of the Fifth District (to wit, that the sentence was voidable, not void, and could only be challenged on direct appeal) was persuasive. Christy did not appeal to the Ohio Supreme Court.

On November 7, 2022, Christy filed his Petition in this Court *pro se* by depositing it in the prison mail system (ECF No. 5, PageID 63). He pleads the following grounds for relief:

> **Ground One**: The Petioner [sic] was denied due process of law when the trial court imposed a term of incarceration not authorized by law.
>
> **Supporting Facts:** As admitted by the trial court in its judgment denying the motion to vacate, the trial court imposed an eight year term for a violation of community control that was ordered to be served consecutively to a term of actual incarceration, which the trial court lacked statutory authority to impose.

**Ground Two:** Petitioner was denied due process where trial court, imposed a sentence that was contrary to law, invalid, and void under Ohio Law at the time the sentence was imposed.

**Supporting Facts**: The Petitioner was sentenced to a "hybrid" term of 4 years actual incarceration consecutive to a term of community control that the Ohio Supreme Court determined was not authorized by law, and thus invalid and void; and because the sentence is void, the Petitioner is subjected to a prison term greater than the law allows.

**Ground Three:** The petitioner was denied due process when the trial court failed to grant the motion for leave to file a delayed appeal.

**Supporting Facts**: After the trial court imposed a sentence that is not authorized by law and thus was considered void, the petitioner attempted to attack the void sentence by motion to vacate and appeal of that motion; during which time, the Ohio Supreme Court changed the law by decision, effectively validating the void sentence retrospectively, resulting in the trial court denying the motion to vacate, and the court of appeals affirming on the basis that a direct appeal was required; then denied leave to file a delayed appeal in the place of the trial court's admission it lacked authority…..to impose the sentence that was not authorized by law.

**Ground Four:** The decision of the Ohio Supreme Court in *State v. Henderson*, 161 Ohio St.3d 285 (2020) that the state courts are relying on to deprive Petitioner of Due Process of Law is unconstitutional and void.

**Supporting Facts:** The State trial court admitted the sentence under which the Petitioner is being held was imposed without statutory authority, but denied relief, as did the State Court of Appeals, on the basis of *State v. Henderson*, 161 Ohio St.3d 285 (2020), wherein the Ohio Supreme Court, by its own decision, disposed of collateral attack of void sentences, and retrospectively declared all void sentences, were essentially validated by *Henderson,* and now merely voidable, subject to attack only by direct appeal, well after the Petitioner's right to appeal as of right had expired.  After that the Court of Appeals blocked the Petitioner's jurisdictional/void challenge by denying his motion for leave to file delayed appeal.

(Petition, ECF No. 1).

4

# Analysis

## Statute of Limitations

Respondent asserts the Petition is barred by the statute of limitations. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which included, for the first time, a statute of limitations for habeas corpus actions. As codified at 28 U.S.C. § 2244(d), that statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**Equitable Tolling**

Petitioner's first reply to the limitations defense is to claim what he calls "statutory" tolling (Traverse, ECF No. 11, PageID 669, *et seq*.). Instead of relying on any tolling statute, however, he invokes the doctrine of equitable tolling based on his low intelligence quotient of 67. Christy relies heavily on *Halbert v. Michigan*, 545 U.S. 605 (2005). In that case the Supreme Court held that a person who pleaded *nolo contendere* was entitled to appointed counsel for his efforts to persuade the Michigan Court of Appeals to hear his appeal. The Court noted that Michigan did not provide a first appeal of right, but required permission to appeal, much like the certificate of appealability process imposed in federal habeas corpus by the AEDPA. In the course of her majority opinion, Justice Ginsburg offered observations about the difficulties of pursuing an appeal for most lay persons, and especially those with low levels of literacy, learning disabilities, or mental impairments.

Christy acknowledges that the burden of proving entitlement to equitable tolling is on him and that he must show he was prevented from pursuing relief by circumstances beyond his control. He admits that he did pursue legal remedies, but claims they were ineffective because "such pursuit was by inmates who took advantage of him." (Traverse, ECF No. 11, PageID 672). Again he asserts:

> [M]ultiple so-called inmate jailhouse lawyers took advantage of him due to his intellectual disabilities'." They kept asking for money to file different proceedings knowing Christy did not comprehend what they were filing, nor the fact that the proceedings would be inappropriately filed, and would not toll the AEDPA's one-year statute of limitations.

*Id.* at PageID 674.

Christy summarizes his equitable tolling argument by blaming the trial judge and his trial

6

attorney for imposing and not opposing the unlawful sentence, and his appellate attorney for not knowing the sentence was unlawful. He blames his appellate attorney for not knowing sentencing errors must be raised on direct appeal. And he blames the "jailhouse lawyers" who assisted him before his present jailhouse lawyers of taking advantage of him.

This set of argument for equitable tolling is not persuasive. Christy has not shown that the trial judge or his trial attorney should have anticipated the rulings ten years later in *Paige* and *Hitchcock* that prohibited the sentence that was imposed. The sentence was certainly less punitive than the trial judge could have imposed of consecutive executed sentences and apparently was jointly recommended by the State and defense.

Appellate counsel is essentially charged with providing ineffective assistance of appellate counsel by filing a Motion to Vacate Sentence March 12, 2020, and renewing it on June 8, 2020. But *Henderson*, which made the crucial distinction between void and voidable, was not decided until October 7, 2020. Selecting a motion to vacate as a way to attack the sentence in this case at the time it was done has not been shown to be deficient performance as required by *Strickland v. Washington,* 466 U.S. 668 (1984). Given the Ohio Supreme Court's changing views on the void/voidable distinction, it is not clear that competent counsel would have predicted the result in *Henderson*.

Finally, ineffective, indeed exploitative, assistance of jailhouse counsel, at least when asserted as here in completely conclusory terms, is not a basis for excusing delay.

Christy has not demonstrated entitlement to equitable tolling of the statute of limitations.

7

**Actual Innocence of the Sentence**

Christy next argues he is entitled to tolling because he is actually innocent of the sentence. For application of the actual innocence doctrine in a non-capital case, Christy relies on *Gibbs v. United States,* 655 F.3d 473 (6th Cir. 2011), but the *Gibbs* court declined to decide that question. However, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court expressly extended the actual innocence exception to excuse the statute of limitations bar in habeas.

*McQuiggin* is of no assistance to Christy, however, because the Supreme Court has continued to insist that actual innocence means factual innocence of the underlying crime. See *Bousley v. United States*, 523 U.S. 614, 622 (1998). Christy pleaded guilty to aggravated burglary, thereby admitting that he was not factually innocent, and he presents nothing now to undermine that admission.

**Ineffective Assistance of Counsel**

Christy next turns to claims of ineffective assistance of trial and appellate counsel to excuse his delay (Traverse, ECF No. 11, PageID 677, *et seq*.).

For reasons given above, trial counsel's failure to object to the sentence did not constitute ineffective assistance of trial counsel. *Hitchcock*, the case that declared this type of sentence improper, was not decided until well after the sentencing in this case. Christy has raised no claim that the trial judge could not have imposed a consecutive executed term of imprisonment for the aggravated burglary, instead of the sentence imposed. Since the sentence imposed was much more

lenient than a consecutive executed sentence would have been, Christy's interests would not have been well-served by an objection.

Christy had the assistance of counsel in filing the Motion to Vacate and the Renewed Motion to Vacate, Attorney Andrew Sanderson[1].  Attorney Sanderson continued to represent Christy on appeal from denial of those motions (State Court Record, ECF No. 7, Exs. 32, 34, and 39).  *Henderson*, which reinstated the traditional Ohio distinction between void and voidable judgments, was not decided until two days after Attorney Sanderson filed Christy's appeal brief. It cannot be ineffective assistance of appellate counsel to fail to anticipate a decision that changes the law.

Christy's delay is not excused by ineffective assistance of counsel.


**Miscarriage of Justice**


Christy next argues he is entitled to tolling under the miscarriage of justice doctrine. However, the Supreme Court has made it clear that doctrine only applies where a petitioner can show factual innocence of the underlying crime.  *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); see *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  As shown above, Christy has not shown, or even attempted to show, factual innocence of the aggravated burglary charge.

---

[1] The Traverse refers to Attorney Sanderson as appointed counsel, but does not reference any appointment papers and the Magistrate Judge has not found them in the State Court Record.  The status of counsel as appointed or retained of course makes no difference in the ineffective assistance analysis under *Strickland v. Washington,* 466 U.S. 668 (1984).

**Summary**

Christy's responses to the statute of limitations defense are unpersuasive.  The Petition should be dismissed as time-barred.

**Merits Analysis**

Because the statute of limitations defense has been established, the Court need not analyze the merits.  However, for sake of completeness, this Report includes the following merits analysis.

**Grounds One and Two:  Imposition of an Unlawful Sentence**

Christy argues Grounds One and Two together (Traverse, ECF No. 11, PageID 681, *et seq.*).  He claims he is incarcerated on a sentence that was unlawful at the time it was imposed.

It is certainly a violation of the Due Process Clause to impose a sentence not authorized by the jurisdiction in which sentence is imposed.  For example, under English common law many crimes were felonies and carried a possible capital sentence.  However, the common law of crimes was never accepted in Ohio which has no common law offenses.  *Mitchell v. State*, 42 Ohio St. 383 (1884), *citing Key v. Vattier*, 1 Ohio 132, 144 (1823); *Winn v. State,* 10 Ohio 345 (1841); *Vanvalkenburgh v. State*, 11 Ohio 404 (1842); *Allen v. State,* 10 Ohio St. 287, 301(1859); *Smith v. State*, 12 Ohio St. 466, 469 (1861); *Knapp v. Thomas*, 39 Ohio St. 377, 385 (1883).  An Ohio judge could not, relying on the common law, sentence an Ohio petty thief to be executed.

10

However, an eight-year executed sentence for aggravated burglary, imposed to be served consecutively to another felony conviction, has been an authorized sentence in Ohio for many years.  The sentence imposed here – an eight-year suspended sentence conditioned on completion of a community control sanction, consecutive to another felony sentence – became unauthorized by virtue of *Hitchcock*.  Christy has offered no authority to show it was an unauthorized sentence at the time it was imposed.

**Ground Three:  Due Process Violation by Failure to Grant Leave to File a Delayed Appeal**

In his Third Ground for Relief, Christy asserts he was denied due process of law when the Fifth District denied him leave to file a delayed appeal (Traverse, ECF No. 11, PageID 682, *et seq*.).

As part of his argument in support of Ground Three, Christy seeks to expand the record to include the Affidavit of Verity he filed in support of his Motion for Delayed Appeal (Attachment A to Traverse, ECF No. 11, PageID 687).  Pursuant to Rule 7 of the Rules Governing § 2254 Proceedings, that request is granted.  Because this document was part of the record before the state courts, expanding the record to include it will not violate *Cullen v. Pinholster,* 563 U.S. 170 (2011).

As authority for Ground Three, Christy relies principally on *DiCenzi v. Rose,* 452 F.3d 465 (6th Cir. 2006).  In that case the petitioner was convicted on May 27, 1999, on his guilty plea of one count of aggravated vehicular homicide and one count of aggravated vehicular assault.  *Id.* at 466.  He was sentenced to the maximum possible sentence for those two convictions.  The Sixth Circuit found that, under those circumstances, Ohio law gave him a nonwaivable right to direct appeal and required the sentencing judge to inform him of that right which the trial judge did not

do. *Id.* at 467. On August 23, 2001, having learned of his right to appeal from the Cuyahoga County Public Defender, DiCenzi filed for a delayed appeal to the Ohio Supreme Court. After the Ohio Supreme Court dismissed that case, DiCenzi filed a petition for writ of habeas corpus in federal court. The district court dismissed the petition as untimely, but allowed an appeal on that issue.

The Sixth Circuit then held the statute of limitations was tolled during the pendency of DiCenzi's motion to leave to file a delayed appeal.[2] The court made no holding on the claim that DiCenzi had a due process right to a delayed appeal.

Nor does Christy cite any other authority in support of that proposition. There is in fact no federal constitutional right to appeal state criminal judgments for error review. See *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005); and *Jones v. Hendrix,* 599 U.S. 465 (2023). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

Of course when it does provide a right to appeal, the State cannot discriminate against the poor by failing to provide the necessary transcript. *Griffin v. Illinois*, 351 U.S. 12 (1956). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963). There is no indication or claim here however that delayed appeals are allowed upon payment of a fee which Christy could not afford.

Ohio does provide a right to appeal a criminal conviction, but of course federal habeas corpus reaches only federal constitutional claims. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562

---

[2] The Court also held it was tolled for the additional ninety days in which DiCenzi could have sought certiorari review by the United States Supreme Court. *DiCenzi*, 452b F.3d at 469 citing *Abela v. Martin,* 348 F.3d 164, 172–73 (6th Cir.2003) (en banc). *Abela* is abrogated by *Lawrence v. Florida*, 549 U.S. 327 (2007).

U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

Christy does not allege that he instructed trial counsel to file a direct appeal.  If he did and that were proved, it would constitute ineffective assistance of trial counsel regardless of the merit of any appeal.  *Roe v. Flores-Ortega,* 528 U.S. 470 (2000).  However, Christy makes no such allegation, but merely asserts "The reason(s) for failure to file a timely appeal as of right are as follows: Appellant functions in the extremely low range of intellectual functioning, full scale IQ is 67, diagnosed bipolar, and ADHD."  (Affidavit of Verity, PageID 687).

**Ground Four:  Unconstitutionality of *Henderson***

The Petition gives no basis for concluding *Henderson* violates the United States Constitution.  Petitioner makes no argument in favor of Ground Four in the Traverse and the Magistrate Judge thus treats it as abandoned.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.


January 8, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #