## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

KEVIN L. CHRISTY,

            Petitioner,    :          Case No. 2:22-cv-4220

  - vs -                        District Judge James L. Graham
                                    Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                         :
          Respondent.

## ORDER WITHDRAWING REPORT AND RECOMMENDATIONS
## AND TO SUPPLEMENT THE MOTION TO EXPAND

This is a habeas corpus case under 28 U.S.C. § 2254 brought *pro se* by Petitioner Kevin Christy to obtain relief from his conviction in the Fairfield County Court of Common Pleas on charges of abduction and aggravated burglary (Petition, ECF No. 5).  On January 8, 2025, the undersigned filed a Report and Recommendations recommending the Petition herein be dismissed with prejudice (ECF No. 31).  After several extensions of time, Petitioner has filed a combined set of Objections and a Motion to Expand the Record (ECF No. 36).  To ensure the Magistrate Judge has provided the District Court with a thorough analysis of this case, the Report and Recommendations is WITHDRAWN.

In the portion of his filing seeking expansion of the record, Petitioner asserts he can now prove his actual innocence because the trial judge, the prosecutor, and his own trial attorney conspired to violate *Brady v. Maryland*, 373 U.S. 83 (1963), by keeping from him a recantation

1

made by the complaining witness in chambers "right before sentencing."  He learned of this recantation when "[t]he following transcript was anonymously sent to Petitioner by someone from the prosecutor's office in early to mid-2024."  (ECF No. 36, PageID 764).  However, instead of attaching a transcript, Petitioner re-types the purported content of the in-chambers dialog. *Id.* at PageID 765-66.  Petitioner concludes with the words "See Attached In Chambers Transcript," but no transcript is attached.  If Petitioner wishes this Court to consider the in-chambers conversation, he must file with the Court whatever transcript he has along with an explanation of how he knows it came from the prosecutor and when he received it and any proof that it is authentic.

Christy continues: "Petitioner filed a Successive Motion to Vacate Sentence/post-conviction on November 22, 2024." *Id.* at PageID 764.  On August 28, 2024, the undersigned stayed these proceedings at Petitioner's request pending a decision by the Ohio Fifth District Court of Appeals on Petitioner's Motion for a Delayed Appeal (ECF No. 25).  Then on January 6, 2025, the undersigned dissolved the stay, noting that the Fifth District had denied Petitioner's Motion for a Delayed Appeal on December 30, 2024 (ECF No. 30).  The first notice this Court has had of Petitioner's Successive Motion to Vacate" is its inclusion in Petitioner's pending Motion to Expand.  The last filing from the state court record received by the Court is the September 29, 2022, Opinion of the Court of Appeals (State Court Record, ECF No. 7, PageID 539, *et seq*.).

In order for this Court to evaluate whether Petitioner has properly exhausted his available state court remedies, it is hereby ORDERED that Respondent supplement the State Court Record not later than April 14, 2025, with copies of filings in Petitioner's case since that September, 2022, filing.

March 31, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

2